HILTON v. FORRESTAL et al

No. 9554.

United States Court of Appeals
District of Columbia.

Argued Nov. 19, 1947.

Decided Dec. 29, 1947.

Writ of Certiorari Granted March 8, 1948.

See 68 S.Ct. 663.

[1] See Federal Rules of Criminal Procedure, rule 37 (a) (2), 18 U.S.C.A. following section 687.

252

Mr. Walter B. Wilbur, of Washington, D. C., for appellant.

Mr. Joseph M. Friedman, Sp. Asst. to the Atty. Gen., with whom Mr. Herbert A. Bergson, Acting Asst. Atty. Gen., and Mr. George Morris Fay, U. S. Atty., and Mr. Julius Friedenson, Sp. Asst. to the Chief Law Officer, Civil Service Commission, both of Washington, D. C., were on the brief, for appellees. Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellees.

Mr. Joseph A. Carey, of Washington, D. C., filed a brief on behalf of the Veterans of Foreign Wars of the United States as amicus curiae, urging affirmance.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PRETTYMAN, Justice.

Appellant brought a civil action in the District Court for a declaratory judgment.[1] He alleged that he is a civil service employee of the United States Government at the Charleston, South Carolina, Navy Yard, with permanent status and with twelve years continuous and satisfactory service; that on November 8, 1946, he was placed in furlough status for one year, pursuant to regulations promulgated by the Civil Service Commission purportedly pursuant to Section 12 of the Veterans' Preference Act of 1944,[2] governing reductions in force among Federal Government personnel. He asserted that the regulations are void as contrary to the statute, and prayed that the court so declare and direct appellee-defendant Secretary to restore him to his office. The District Court gave summary judgment for defendants.

Section 12 of the Veterans' Preference Act provides as follows:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: *Provided,* That the length of time spent in

---

[1] 48 Stat. 955 (1934), as amended, 28 U.S.C.A. § 400.

[2] 58 Stat. 390, 5 U.S.C.A. § 861.

active service in the armed forces of the United States of each such employee shall be credited in computing length of total service: *Provided further,* That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference employees whose efficiency ratings are below 'good' shall be retained in preference to competing nonpreference employees who have equal or lower efficiency ratings: * * *."

The pertinent regulation issued by the Civil Service Commission is set forth below.[3]

Appellant says that the regulations are void because they give absolute preference to veterans with permanent tenure (Class A-1), whereas the statute requires that due effect must also, and equally, be given to length of service and efficiency ratings.

■■ The question before us is whether the regulations are reasonable under the statute. It is true that the Commission has given "due effect" to the four statutory factors by a sort of seriatim application. First there is a classification by tenure; then a sub-classification by veterans' preference; then a sub-classification by efficiency ratings; and within the sub-classifications length of service is applied.

We cannot say that this is an unreasonable method of applying the wholly general directives of the statute. We cannot, therefore, hold the regulations void.

■ At the same time, we do not think, as appellees argue, that the regulations as drawn represent the only possible method of applying the statute. The proviso in Section 12 is that preference employees shall be retained in preference to all other "competing" employees. We think that that refers to employees competing within the bounds of such classifications as the Commission may establish by regulations, giving "due effect" to the four factors named. The regulations as drawn refer to "competitive retention groups and subgroups". The

---

[3] 5 CFR (1945 Supp.) § 12.303:

"*Retention preference; classification.* For the purpose of determining relative retention preference in reductions in force, employees shall be classified according to tenure of employment in competitive retention groups and subgroups, as follows:

"*Group A:* All employees who have met all requirements for indefinite retention in their present positions. With respect to positions subject to the Civil Service Act and rules, this includes all employees currently serving under absolute or probational civil service appointments or who were appointed, reappointed, transferred or promoted from absolute or probational civil service appointments to war service indefinite or trial period appointments without a break in service of thirty days or more. With respect to positions excepted from the Civil Service Act and rules, this includes all employees currently serving under appointments without time limitation.

"A-1 Plus during one-year period after return to duty, as required by law.

"A-1 With veteran preference unless efficiency rating is less than 'Good'.

"A-2 Without veteran preference unless efficiency rating is less than 'Good'.

"A-3 With veteran preference where efficiency rating is less than 'Good'.

"A-4 Without veteran preference where efficiency rating is less than 'Good'.

"*Group B:* All employees serving under appointments limited to the duration of the present war or for the duration of the war and not to exceed six months thereafter, or otherwise limited in time to a period in excess of one year, except those specifically covered in Groups A and C.

"B-1 With veteran preference unless efficiency rating is less than 'Good'.

"B-2 Without veteran preference unless efficiency rating is less than 'Good'.

"B-3 With veteran preference where efficiency rating is less than 'Good'.

"B-4 Without veteran preference where efficiency rating is less than 'Good'.

"*Group C:* All employees serving under appointments specifically limited to one year or less, all non-citizen employees serving within the continental limits of the United States, all employees continued beyond the automatic retirement age, and all annuitants appointed under section 2(b) of the Civil Service Retirement Act, as amended [5 U.S.C.A. § 715(b)].

"C-1 With veteran preference unless efficiency rating is less than 'Good'.

"C-2 Without veteran preference unless efficiency rating is less than 'Good'.

"C-3 With veteran preference where efficiency rating is less than 'Good'.

"C-4 Without veteran preference where efficiency rating is less than 'Good'."

Commission could establish classifications, or groups, by a composite consideration of the four factors, and only those employees falling within a particular classification or group would be "competing".

From a practical point of view, we think that Congress meant to give the Commission a wide measure of discretion in the formulation of rules to deal with the difficult administrative problem arising from the reduction of federal employees and the complications of veterans' rights. It did not, we think, mean to foreclose the Commission by unequivocally requiring that veterans, regardless of length of service, be retained over non-veterans, regardless of length of service; or that comparatively inexperienced veterans compose the reduced federal force in preference to experienced non-veteran personnel. But we think that Congress left that difficult solution largely to the Commission, and so long as the Commission stays within the reasonable limits of the "due effect" directive, the courts must leave it there.

Affirmed.