253 F.2d 868
 Wesley D. WHITE, Doctor R. Winter, Herbert B. Hammond, James Williams, Christopher Wright, Edgar W. Pitts, Joseph A. Murray, and George R. Phillips, Appellants,
v.
Thomas S. GATES, Jr., Secretary of the Navy, and
Wilber M. Brucker, Secretary of the Army, Appellees.
 No. 13919.
 United States Court of Appeals District of Columbia Circuit.
 Argued October 18, 1957.
 Decided January 23, 1958.
 Writ of Certiorari Denied June 2, 1958.
 
 See 78 S.Ct. 1136.
 Mr. Carl W. Berueffy, Washington, D. C., for appellants.
 Mr. Howard E. Shapiro, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, and Messrs. Oliver Gasch, U. S. Atty., and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellees.
 Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.
 EDGERTON, Chief Judge.
 
 
 1
 These appeals are from an order which dismissed several complaints of non-veteran government employees or former employees alleging that the Veterans' Preference Act, 58 Stat. 390, 5 U.S. C.A. § 861, discriminates against them in violation of their constitutional rights. We agree with the District Court that there is no substantial constitutional question.
 
 
 2
 Veterans' preference in federal employment has been an established policy of Congress for many years. Encouragement and reward of military service are its rational basis. If it is unwise and costly, this does not make it unconstitutional. The Supreme Court and other courts have enforced it, and have done so without suggesting any possible constitutional difficulty. E. g., Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416; Reynolds v. Lovett, 91 U.S.App.D.C. 276, 201 F.2d 181, certiorari denied Wilson v. Reynolds, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357.
 
 
 3
 In a one-line per curiam opinion the New York Court of Appeals, of which Justice Cardozo was then Chief Judge, affirmed a lower court's decision that a preference for veterans in State employment did not violate non-veterans' constitutional rights. Gianatasio v. Kaplan, 257 N.Y. 531, 178 N.E. 782. Without comment, the United States Supreme Court dismissed an appeal from the Court of Appeals "for the want of a substantial federal question." Gianatasio v. Kaplan, 284 U.S. 595, 52 S.Ct. 203, 76 L.Ed. 512.
 
 
 4
 If veterans' preference legislation conflicted with the President's constitutional prerogative, so would much of the Civil Service legislation that has been in force for many years. More than 70 years ago the Supreme Court said: "`We have no doubt that when Congress, by law, vests the appointment of inferior officers in the heads of Departments it may limit and restrict the power of removal as it deems best for the public interest. The constitutional authority in Congress to thus vest the appointment implies authority to limit, restrict, and regulate the removal by such laws as Congress may enact in relation to the officers so appointed.'" United States v. Perkins, 1886, 116 U.S. 483, 485, 6 S.Ct. 449, 29 L.Ed. 700. In Myers v. United States, decided in 1926, the Court observed that it had "recognized in the Perkins case that Congress, in committing the appointment of such inferior officers to the heads of departments, may prescribe incidental regulations controlling and restricting the latter in the exercise of the power of removal." 272 U.S. 52, 161, 47 S.Ct. 21, 71 L.Ed. 160. And even if the President were free to ignore such regulations he would still be free to comply with them. Through his subordinates, he is complying and defending compliance in this case.
 
 
 5
 Without convening a three-judge court, 62 Stat. 968, 28 U.S.C. §§ 2282, 2284, a single judge may dismiss a complaint that attacks the validity of an Act of Congress but fails to raise a substantial constitutional question. California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Otten v. Baltimore & O. R. Co., 2 Cir., 1953, 205 F.2d 58; Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130, certiorari denied Wicks v. Brotherhood of Maintenance, etc., 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471. The District Court rightly dismissed the complaints for this reason. We need not consider whether some of them were subject to dismissal for other reasons also.
 
 
 6
 Affirmed.
 
 
 7
 PRETTYMAN, Circuit Judge (dissenting).
 
 
 8
 I dissent because I think a substantial constitutional question is raised. I would remand for consideration by a statutory three-judge District Court.
 
 
 9
 I recognize the significance of cases of which Hilton v. Sullivan[1] is the outstanding example. In that case the Supreme Court, affirming this court,[2] held the regulations issued by the Commission under the statutory proviso here involved to be valid. But the constitutional question was not discussed in the opinion of either court. And it is the constitutional question which is now pressed upon us.
 
 
 10
 The second proviso in Section 12 of the Veterans' Preference Act[3] is a peremptory restriction placed by the Congress upon the power of the President in respect to retaining or dismissing purely executive employees in the Government. The proviso, in conjunction with its principal clause, reads: "In any reduction in personnel in any civilian service of any Federal agency, * * * preference employees whose efficiency ratings are `good' or better shall be retained in preference to all other competing employees * * *." (Emphasis supplied.) The Constitution provides:[4] "The executive Power shall be vested in a President of the United States"; and[5] "but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments"; and[6] "he [the President] shall take Care that the Laws be faithfully executed".
 
 
 11
 The question is how far the Congress can go in limiting the President in his selection of executive officers — purely executive officers. Surely Congress could not forbid him to select persons qualified to help execute a law. Can it then validly direct him to employ the less qualified of several applicants? Or can it require him to remove the better qualified occupants of an executive office?
 
 
 12
 The question does not concern preferences between equally qualified occupants of offices. And it does not concern "preference points" given to veterans.
 
 
 13
 The law is[7] that each department in the executive branch of the Government shall establish performance-rating plans for evaluating the work performance of its employees. The law further provides[8] that such plans must provide for ratings representing at least outstanding, satisfactory and unsatisfactory performance. If any employee gets the latter rating he may, after warning, be dismissed. "Satisfactory" corresponds to "good" in the statute before us. So a veteran with a lesser efficiency rating must be retained over a non-veteran employee with a higher rating. I assume that efficiency ratings reflect qualifications for the office. As our appellants put it, so long as a veteran is qualified enough to stay on the payroll he must be retained no matter how much better qualified his fellow-workers are.
 
 
 14
 The proviso is mandatory. It is an absolute restriction by the Congress upon the President's power of removal of purely executive employees. The fact of being a veteran is wholly unrelated to qualification for office.
 
 
 15
 The basic authorities are, of course, Myers v. United States[9] and Humphrey's Executor v. United States.[10] In the Humphrey's case the Supreme Court overruled some of the expressions in the Myers case. But it left stark and unmistakable the rule that the removal of purely executive officials is an executive function exclusively, lodged by the Constitution in the President and not subject to interference by the legislative branch of government. The Court rested the difference in result in the two cases upon the difference between the two offices involved. "A postmaster" (the Myers case), said the Court in Humphrey's,[11] "is an executive officer restricted to the performance of executive functions." The Federal Trade Commission, involved in Humphrey's, the Court pointed out, is wholly disconnected from the executive department. The Court in the Myers case held invalid as unconstitutional an act of Congress restricting the removal powers of the President in respect to executive officers performing executive functions. There the matter stands, so far as I am able to ascertain. The law is as stated in Myers, restricted to purely executive officers by Humphrey's. Decisions of the Court of Appeals of New York[12] and of the Supreme Court of Pennsylvania[13] support the views I have outlined.
 
 
 16
 It may be suggested that if this proviso were found to be unconstitutional the whole civil service statutory set-up would be invalid. But those statutes are cast in a different mold, and this fact is one of the noteworthy features of my consideration. The Act of January 16, 1883,[14] authorized the President to appoint a Civil Service Commission. Then it provided that it should be the duty of the Commissioners:
 
 
 17
 "First. To aid the President, as he may request, in preparing suitable rules for carrying this act into effect * * *.
 
 
 18
 "Second. And, among other things, said rules shall provide and declare, as nearly as the conditions of good administration will warrant, as follows:
 
 
 19
 "[A list of eight requirements.]
 
 
 20
 "Third. Said commission shall, subject to the rules that may be made by the President, make regulations for, and have control of, such examinations * * *."
 
 
 21
 The Commission is required to report to the President. Thus the whole act is cast as an aid to the President. It is in no way an impingement upon executive prerogative.
 
 
 22
 As far as the President's compliance is concerned, two thoughts occur to me. (1) Whether the President by compliance, and thus in theory by his action, could validly effectuate a given result is wholly immaterial to the question whether an act of Congress requiring him to do that act is constitutional. (2) The President could not by complying with it make constitutional an unconstitutional act of Congress.
 
 
 23
 I would hope the Supreme Court will take this case, which lies in the "field of doubt" it forecast in the Humphrey's opinion. Dire results are predicted to us if the present peremptory proviso gradually causes the civilian service of the Government to be manned by veterans of substantially less qualifications than experienced non-veterans.[15]
 
 
 
 Notes:
 
 
 [1]
 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416 (1948)
 
 
 [2]
 Hilton v. Forrestal, 83 U.S.App.D.C. 44, 165 F.2d 251 (1947)
 
 
 [3]
 58 Stat. 390 (1944), as amended, 5 U.S. C.A. § 861
 
 
 [4]
 Art. II, § 1, cl. 1
 
 
 [5]
 Id., § 2, cl. 2
 
 
 [6]
 Id., § 3
 
 
 [7]
 64 Stat. 1098 (1950), 5 U.S.C.A. § 2002
 
 
 [8]
 64 Stat. 1099 (1950), 5 U.S.C.A. § 2005
 
 
 [9]
 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160 (1926)
 
 
 [10]
 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935)
 
 
 [11]
 Id., 295 U.S. at page 627, 55 S.Ct. at page 873
 
 
 [12]
 Barthelmess v. Cukor, 231 N.Y. 435, 132 N.E. 140. 142, 16 A.L.R. 1404 (1921)
 
 
 [13]
 Commonwealth ex rel. Graham to Use of Markham v. Schmid, 333 Pa. 568, 3 A.2d 701, 704, 120 A.L.R. 777 (1938)
 
 
 [14]
 22 Stat. 403, 5 U.S.C.A. § 632 et seq
 
 
 [15]
 See, for example, Senate Post Office and Civil Service Committee, Reduction-in-Force System in the Federal Government, S.Rep. No. 2102, 82d Cong., 2d Sess. (1952)