283 F.2d 368
 Angelika L. SCHNEIDER, Plaintiff,
v.
Christian A. HERTER, individually and as Secretary of State, Defendant.
Anne d'Arbeloff GUERRIERI, Plaintiff,
v.
Christian A. HERTER, Secretary of State, Defendant.
 Misc. No. 1532.
 United States Court of Appeals District of Columbia Circuit.
 September 8, 1960.
 
 1
 Mr. Milton V. Freeman, Washington, D. C., for plaintiff Schneider.
 
 
 2
 Mr. David Rein, Washington, D. C., for plaintiff Guerrieri.
 
 
 3
 Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., for defendant.
 
 
 4
 Before FAHY, as Acting Chief Judge of the Circuit.
 
 
 5
 In the District Court the two plaintiffs instituted separate actions, which have been consolidated, to enjoin the enforcement, operation and execution of an Act of Congress for repugnance to the Constitution of the United States.
 
 
 6
 Plaintiffs became citizens of the United States by naturalization. Thereafter, by reason of residence in foreign countries for periods which Congress had provided should cause the loss of their American citizenship, the defendant Secretary of State, relying upon Sections 352(a) (1) and 352(a) (2) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1484 (a) (1), (2) (1958), 8 U.S.C.A. § 1484 (a) (1, 2), decided that plaintiffs had lost their citizenship. In their actions in the District Court plaintiffs prayed that the Secretary be enjoined from carrying out or enforcing the statutory provisions he relied upon. The facts not being in dispute the constitutionality of the provisions is the issue on the merits.
 
 
 7
 I am concerned, however, only with a procedural matter which has arisen as now explained. Plaintiffs applied to District Judge Matthews for the convening of a three-judge district court under 28 U.S.C. § 2284 (1958) read with § 2282, the pertinent provisions of which are stated in the margin.[1] Judge Matthews denied the applications, her order reciting that it appeared "no substantial constitutional question is presented," citing Lapides v. Clark, 85 U.S.App.D.C. 101, 176 F.2d 619, certiorari denied 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527; Luria v. United States, 231 U.S. 9, 34 S. Ct. 10, 58 L.Ed. 101; Mackenzie v. Hare, 239 U.S. 299, 36 S.Ct. 106, 60 L.Ed. 297; and Perez v. Brownell, 356 U.S. 44, 78 S.Ct. 568, 2 L.Ed.2d 603.
 
 
 8
 No appeal has been taken from this order of Judge Matthews, nor has application been made to the Court of Appeals, or to any judge thereof, for any extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a) (1958), or otherwise. Plaintiffs have simply presented the instant motions to the Chief Judge of the Court of Appeals[2] to convene a three-judge court to hear plaintiffs' motions for injunctions and summary judgments against the Secretary. The motions to the Chief Judge came to me when, due to absences from the Circuit, I was temporarily the Acting Chief Judge. The motions were orally argued as well as presented on memoranda filed by plaintiffs. At the conclusion of argument I stated for the reasons then outlined that the motions would be denied. An order to that effect was entered the same day, August 12, 1960.
 
 
 9
 The question is whether the Chief Judge of the Circuit may convene a three-judge court on the motion of plaintiffs when the District Judge to whom applications for such a court had been made had not notified the Chief Judge under the provisions of 28 U.S.C. § 2284, supra, the District Judge being of the opinion such notification was not required because no substantial constitutional question was presented for disposition by a three-judge court.
 
 
 10
 In Eastern States Petroleum Corp. v. Rogers, 105 U.S.App.D.C. 219, 265 F.2d 593, appeal dismissed 361 U.S. 7, 80 S. Ct. 50, 4 L.Ed.2d 49, Chief Judge Prettyman was presented with a somewhat similar problem. Without seeking a three-judge court at the hands of the Chief Judge a single District Judge had dismissed, for lack of jurisdiction in the District Court, a complaint seeking to restrain the collection of an allegedly unconstitutional import tax.[3] Plaintiff then presented to Chief Judge Prettyman a motion for leave to file an application for an order designating two additional judges to complete a district court of three judges to review the failure of the District Judge to notify the Chief Judge of the filing of the application for an injunction against the operation of a statute of the United States challenged on constitutional grounds. Chief Judge Prettyman ruled that a single District Judge had authority to decide the question of jurisdiction and that such decision could not be reviewed by means of an application to the Chief Judge of the Circuit to convene a three-judge court. Chief Judge Prettyman's Memorandum Opinion reviewed the cases of Jacobs v. Tawes, 4 Cir., 1957, 250 F.2d 611; White v. Gates, 102 U.S.App.D.C. 346, 253 F.2d 868, certiorari denied 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147; Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130, certiorari denied Wicks v. Brotherhood of Maintenance of Way Emp. Southern Pac. Co., 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471, and other authorities. See also Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611. In White v. Gates our Court of Appeals had sustained the dismissal of an action by a single District Judge, without the convening of a three-judge court, on the ground the constitutional question presented was not substantial, a position with which the Court of Appeals agreed.
 
 
 11
 In the present cases, we have seen, the motions are addressed to the Chief Judge, whereas in White v. Gates there was an appeal to the Court of Appeals; and in Eastern States the application, though to the Chief Judge as here, was after dismissal by the District Judge of applications for a three-judge court.[4] But I think the relief sought must here too be denied, as it was for different reasons in both Eastern States and White v. Gates. If the District Judge erred in not notifying the Chief Judge to convene a three-judge court under section 2284, the error is not correctible by applying to the Chief Judge of the Circuit to convene a three-judge court.[5] The statute contains no provision for such procedure, and there is no basis for judicially importing it into the statute. Even though I were to assume error on the part of the District Judge in finding that no substantial constitutional question is presented, the procedure for correcting the error would not be that adopted by plaintiffs in their motions to the Chief Judge. The ordinary method of correcting trial court error is by appeal under applicable statutory provisions; and when an extraordinary method is appropriate it is by application to an appellate court, either the Supreme Court or the Court of Appeals, I do not in the abstract decide which, for a writ.[6] A motion to the Chief Judge is neither an appeal to the Court of Appeals, interlocutory or otherwise, nor a petition to a court for writ of mandamus or other extraordinary remedy. It is an application to the Chief Judge alone, and is without statutory or other basis. Accordingly, the refusal of the District Judge to proceed under section 2284 may not be reviewed or controlled in this manner.
 
 
 12
 The denial of the motions is not a decision on the merits of plaintiffs' actions against the Secretary, which remain for disposition by the District Court and which, when disposed of, may be the subject of review as provided by law.[7]
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C. § 2282 (1958) provides that no injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall be granted by any district court or judge unless application therefor is heard and determined by a district court of three judges under section 2284; and the latter section provides that in any action required by Act of Congress to be heard by such a court of three judges the district judge to whom the application for injunction or other relief is presented shall on the filing of the application immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge, and these two with the district judge to whom the application is made shall constitute a three-judge court to hear and determine the action or proceeding
 
 
 [2]
 While the motions are addressed to the Chief Judge of the United States Court of Appeals for the District of Columbia Circuit, the statutory reference in section 2284 is to the Chief Judge of the Circuit, who is of course the same person
 
 
 [3]
 The District Judge was of opinion that at the trial level only the Customs Court had jurisdiction of the subject matter of the litigation
 
 
 [4]
 In the present cases the motions of defendant Secretary to dismiss have been denied
 
 
 [5]
 A trial judge is authorized to determine initially the question of substantiality of the constitutional issue raised, his decision being subject to review. Cf. J. B. Schermerhorn, Inc. v. Holloman, 10 Cir., 1934, 74 F.2d 265, 266, certiorari denied, 294 U.S. 721, 55 S.Ct. 548, 79 L.Ed. 1253. And see White v. Gates, supra
 
 
 [6]
 For discussion and analysis of decisions on the general subject, see Comment, 27 U.Chi.L.Rev. 555 (1960); Note, 47 Georgetown L.J. 161 (1958)
 
 
 [7]
 Plaintiffs have entitled their motions to the Chief Judge as though they were filed in the District Court. In this Memorandum I have not followed that format because no three-judge district court has been constituted. It seems more appropriate to consider the motions as separately made to the Chief Judge of the Circuit, rather than as made in the District Court cases themselves