Gus J. PROSCH, Jr., M.D., Plaintiff,

v.

William J. BAXLEY et al., Defendants.

Civ. A. No. 3657–N.

United States District Court,
M. D. Alabama, N. D.

June 28, 1972.

Herbert W. Stone, Ensley, Ala., for plaintiff.

Bernard F. Sykes and Don C. Dickert, Asst. Attys. Gen., Montgomery, Ala., for defendants.

**1064**

### ORDER

VARNER, District Judge.

 This cause is now submitted upon the Plaintiff's application for a three-judge court to hear and determine his petition to have this Court declare unconstitutional Code of Alabama, Title 46, §§ 257(2), 257(20) and 257(21) (4), in application of such statutes to Plaintiff and other persons similarly situated in that it denies Plaintiff and members of his class the equal protection of the laws in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States. In support of his motion, the Plaintiff cites 28 U.S.C. § 2281, which reads, in pertinent part, as follows:

"An * * * injunction restraining the enforcement, operation or execution of any State statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

The cause is also submitted on Defendants' Motion to Dismiss the proceedings. Since it is proper to deny a hearing by a three-judge court and to dismiss the proceeding if the proceeding lacks necessary substance, Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, it is not improper to consider the two motions jointly.

The Plaintiff is a physician holding a license to practice medicine issued by the Alabama State Licensing Board for the Healing Arts under Title 46, § 257(1) et seq., Code of Alabama, and a certificate of qualification to practice his profession by the Board of Medical Examiners under the provisions of Title 46, § 270. He was convicted of a felony prohibited by 26 U.S.C. § 5861(d) (possession of unregistered firearms) on December 11, 1971, and has been summoned to appear before the Alabama State Licensing Board for the Healing Arts on May 5, 1972, to show cause why his license to practice medicine should not be revoked according to the provisions of Title 46, § 257(4), Code of Alabama. That Board has consented to a postponement of that hearing pending this proceeding so no question of temporary relief is before the Court.

 As pointed out by the Plaintiff, the various statutes concerning revocation or suspension of licenses to practice medicine, of certificates of qualification to practice medicine, and of licenses to practice dentistry vary somewhat by their terms. Title 46, § 257(21) (4), provides that a license to practice medicine issued by the State Licensing Board for the Healing Arts may be revoked for conviction of any felony, whether or not the same involves moral turpitude. Section 270 of the same title provides that the Board of Medical Examiners may revoke a certificate of qualification to practice medicine for conviction of any offense involving moral turpitude whether or not the same is a felony, and Section 120(22) (11) provides that the license of a dentist may be revoked for conviction "of a felony or a misdemeanor involving moral turpitude." The Plaintiff insists that, because there are differences in the statutes for revocation of the license issued by the State Licensing Board for the Healing Arts (§ 257(21) (4)), for revocation of the certificate of qualification issued by the Board of Medical Examiners (§ 270), and for revocation of the license to practice dentistry (§ 120(22) (11)), doctors are not being provided equal protection of the laws and that, therefore, Title 46, § 257(21) (4), violates the right to equal protection of the Plaintiff and members of the class to which he belongs.

By the provisions of § 257(20), the State Licensing Board for the Healing Arts is vested with all authority given by law to other administrative bodies in regard to enforcing the provisions of regulatory laws and preventing unlawful practices in relation to persons engaged in the healing arts as defined in § 257(2). They share concurrent jurisdiction with the Board of Medical Examiners to revoke a certificate of qualifica-

tion to practice medicine under the provisions of §§ 270 and 257(20).

██ By the terms of § 257(2), the profession of dentistry and other professions which might otherwise be considered within the lay definition of the words "healing arts" are excluded from the jurisdiction of, and the terms of the article devoted to, the State Licensing Board for the Healing Arts. This Court sees nothing in §§ 257(2), 257(20) or otherwise which indicates that dentistry is a healing art as defined in Code of Alabama, Title 46, Chapter 13, Article 1, relating to the healing arts, and this Court finds that, under the law of Alabama, dentistry is not a healing art as contemplated by said Article of the Code of Alabama.

Plaintiff says that, under § 257(21) (4), a physician's license may be revoked or suspended for his conviction of any felony, regardless of whether or not it involves moral turpitude, while under § 120(22) (11) a dentist may have his license suspended or revoked for conviction of a felony or a misdemeanor only if such crime involves moral turpitude. He says, since the physician is subject to having his license revoked for any felony while a dentist may have his license revoked for a felony only if it involves moral turpitude, that the physician is, therefore, subject to unequal treatment under the laws and that, therefore, the physician is subject to losing his license in violation of the constitutional guarantee of equal protection of the laws.

We have been cited no authority showing how the courts of the State of Alabama have construed the clause of Code of Alabama, Title 46, § 120(22) (11), as follows:

"of a felony or a misdemeanor involving moral turpitude."

A state court under the State Declaratory Judgment Act may construe that statute in the light of the other statutes.

Assuming that construction of the section devoted to revocation and suspension of dentists' license to allow revocation for conviction of any misdemeanor involving moral turpitude and for conviction of any felony, the dentist suffers by comparison with the provisions of revocation or suspension of the certificate of qualification of the doctors provided by Title 46, § 270, whereby the doctor may have his certificate revoked or suspended for any offense involving moral turpitude but not for a felony which does not involve moral turpitude. The doctor, however, must have both the "certificate" and the license which, under § 257(21) (4), may be revoked or suspended for conviction of any felony. It would appear that, if the statute, § 120(22) (11), is construed to include all felonies and only misdemeanors involving moral turpitude, the doctors would be on an equal basis with the dentists and could have no complaints as each may lose his right to pursue his profession for conviction of any felony or for conviction of a misdemeanor involving moral turpitude.

██ This Court has long declined to engage in a determination of whether or not a state statute violates the Constitution of the United States if that state statute is subject to an interpretation by a state court which would relieve the statute of any question of its constitutionality. There is a presumption that a statute will be construed and applied constitutionally, if possible, Mayo v. Lakeland Highlands Canning Co. (Fla. 1960) 309 U.S. 310, 60 S.Ct. 517, 84 L. Ed. 774.

It, therefore, in the view of this Court, is unnecessary that this Court consider whether or not there may be reasons for suspension of licenses for practicing medicine other than reasons for suspension of licenses for practicing dentistry and whether or not the rule requiring a reasonable basis for a distinction applies only within a class or whether it applies between different classes. This Court is of the opinion that, because a state court's interpretation of the statute, Code of Alabama, Title 46, § 120(22), subd. 11, may alleviate the necessity for deciding the consti-

tutional question, this Court should not take jurisdiction of the cause.

 A three-judge court is required only where an injunction is to be granted by a district court on the grounds of unconstitutionality of a state statute or of an order made by an administrative board or commission acting under such state statute, 28 U.S.C. § 2281. It is plain that a single district judge, even though an injunction is requested on the basis of unconstitutionality of a state statute, need not convene a three-judge court if the constitutional question presented in the complaint is wholly insubstantial. Powell v. Workmen's Compensation Board of the State of New York, 2 Cir., 327 F.2d 131; Schneider v. Herter, 104 U.S.App.D.C. 4, 283 F.2d 368, cert. den. 366 U.S. 963, 81 S.Ct. 1924, 6 L.Ed.2d 1255; United Drug Co. v. Graves (D.C.Ala.1929), 34 F.2d 808; Shuttlesworth v. Birmingham Board of Education (D.C.Ala.1958), 162 F.Supp. 372, affmd. 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145. It, therefore, appears that the Plaintiff's request for a three-judge court should be denied.

Among the many grounds assigned to the Motion to Dismiss filed by all Defendants, separately and severally, are two which we think are dispositive of the proceeding. Ground 26 calls the Court's attention to the fact that no justiciable controversy exists. Ground 28 calls the Court's attention to the fact that the state courts of the State of Alabama are adequate to handle this type of case and that Plaintiff has a proper, common, adequate and unexhausted state remedy.

 Matters relating to qualification of persons to pursue their livelihoods are reserved to the State under the Tenth Amendment, and the Federal Government should interfere only where the State's exercise of such jurisdiction infringes rights protected by the Federal Constitution. In that event, a comparison of the weight of the conflicting constitutional infringements may be in order.