Jesse O. LANGSTON et al., Plaintiffs,

v.

Arthur LEVITT, Individually and as Comptroller of the State of New York and Administrator of the New York State Employees Retirement System, Defendant.

No. 72 Civ. 1430.

United States District Court,
S. D. New York.

Jan. 7, 1977.

Darrell Buchbinder, New York City, for plaintiffs.

Irving Malchman, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendant; Judith A. Gordon, Mark C. Rutzick, Asst. Attys. Gen., New York City, of counsel.

Before VAN GRAAFEILAND, Circuit Judge, and GAGLIARDI and CARTER, District Judges.

GAGLIARDI, District Judge.

This is an action by employees of the Waterfront Commission of New York Harbor challenging the constitutionality of Sections 2(31)(2) [1] and 41(k) [2] of the New York

---

1. § 2 New York State Retirement and Social Security Law

31. Service in world war II.

(1) Military service during the period commencing July first, nineteen hundred forty, and terminating December thirty-first, nineteen hundred forty-six, as a member of the armed forces of the United States of any person who:

(a) Has been honorably discharged or released therefrom under honorable circumstances, . . .

    \*     \*     \*     \*     \*     \*

2. See note 2 on p. 644.

State Retirement and Social Security Law (McKinney Supp.1975). These sections of the New York Law grant certain additional pension benefits to employees covered by the New York State Employees Retirement System who are veterans of World War II military service and who were residents of the State of New York or New Jersey at both the time of entry and discharge from military service.

Plaintiffs, who but for the residency requirements of §§ 2(31)(2) and 41(k) of the Retirement and Social Security Law would be entitled to additional veterans' benefits, challenge those provisions under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. They move, pursuant to Rule 56 Fed.R.Civ.P., for summary judgment seeking both declaratory and injunctive relief.[3] Jurisdiction is based on 28 U.S.C. § 1343(3), the suit being brought under 42 U.S.C. § 1983. Defendant moves, pursuant to Rule 12(c) Fed.R.Civ.P., for judgment on the pleadings. The court having considered matters outside of the pleadings, defendant's motion is treated as one for summary judgment under Rule 56 Fed. R.Civ.P. For the reasons stated herein, the court grants summary judgment in favor of the defendant.

Plaintiffs are currently, and have been for over twenty years, residents of the State of New York or New Jersey. They have been employees of the Waterfront Commission of New York Harbor, an in-

(2) Military service, not in excess of three years and not otherwise creditable under paragraph one hereof, rendered on active duty in the armed forces of the United States during the period commencing July first, nineteen hundred forty, and terminating December thirty-first, nineteen hundred forty-six, by a person who was a resident of New York state at the time of entry into such service and at the time of being discharged therefrom under honorable circumstances, or, if not a resident of this state at such times was then or thereafter became an employee of a participating employer created by and deriving its powers from an agreement between this state and any other state, and was a resident of such other state at the time of entry into and discharge from such service, and who makes the payments required by subdivision k of section forty-one of this article.

However, no military service shall be creditable under this paragraph two in the case of a member under an existing plan permitting retirement upon twenty years of creditable service who is receiving a federal pension (other than for disability) based upon a minimum of twenty years of full time active military service in the armed forces of the United States nor shall any military service be creditable in the case of a member under any other plan who is receiving a military pension (other than for disability) for military service in the armed forces of the United States.

2. § 41 New York State Retirement and Social Security Law

   k. Credit for certain world war II service.

    1. In addition to credit for military service as defined in paragraph one of subdivision thirty-one of section two of this chapter, a member in the employ of the state as of March thirty-first, nineteen hundred seventy, may obtain credit for military service as defined in paragraph two of subdivision thirty-one of section two of this chapter in accordance with the provisions of this subdivision.

    2. To obtain such credit a member shall: (a) deposit in the annuity savings fund a sum equal to the product of his normal rate of contribution at time of entry into state service, his annual rate of compensation at that time, and the period of military service being claimed, with regular interest, and (b) deposit in the pension accumulation fund a sum equal to the product of the state's normal contribution rate at the time of the member's entry into such service, his annual rate of compensation at that time, and the period of military service being claimed, with regular interest. Such deposit must be made on or before March thirty-first, nineteen hundred seventy-two, provided however, such member may elect to deposit such amount over a period of time no greater than the period for which credit is being claimed, in which case such payments must commence no later than March thirty-first, nineteen hundred seventy-two. If the full amount of such payments is not paid to the retirement system, the amount of service credited shall be proportional to the total amount of the payments made.

3. Plaintiffs' application for a three-judge court was granted pursuant to a memorandum decision and order of November 25, 1975. The three-judge court was duly convened and oral argument was held on July 19, 1976.

strumentality of the States of New York and New Jersey created in 1953 by a bistate compact between the two states (McKinney's Unconsol.Laws § 9801 *et seq.*; N.J.S.A. 32:23–1 *et seq.*) and approved by Congress (Act of August 12, 1953 c. 407, 67 Stat. 541). The Waterfront Commission of New York Harbor is a participating employer, making contributions to the New York State Employees' Retirement System,[4] and plaintiffs are members of and pension beneficiaries under that Retirement System.

Each plaintiff served honorably in the United States armed forces during World War II. Plaintiffs Langston and Malchman were neither residents of the State of New York or New Jersey at the time of their entry into nor at the time of their discharge from the armed services. Plaintiff Noone was a resident of New York at the time of his discharge from but not at the time of his entry into military service.

Defendant Arthur Levitt is the Comptroller of the State of New York and as such is, under the Retirement and Social Security Law of the State of New York, the administrative head of the New York State Employees' Retirement System.

Sections 2(81) and 41(k) of the Retirement and Social Security Law were amended in 1970 to extend to members of the Retirement System the right to purchase an additional pension credit for up to three years of their military service upon favorable financial terms if they were World War II veterans in active duty between July 1, 1940 and December 31, 1946, were discharged under honorable circumstances

and were residents of New York State both at the time of entry and discharge from the service. N.Y. Laws of 1970, c. 457. In 1971 the law was further amended to extend the credit on the same terms to residents of New Jersey both before and after discharge from military service. N.Y. Laws of 1971, c. 1202.[5]

Plaintiffs are ineligible for the additional pension benefits available under §§ 2(31)(2) and 41(k) of the Retirement and Social Security Law solely because they were not residents of either New York or New Jersey at the time they entered and were discharged from military service. They claim that these provisions deny them the right to purchase retirement service credits at favorable financial rates and consequently violate their Fourteenth Amendment right to equal protection of the laws.

An analysis involving the Equal Protection Clause requires a determination of the appropriate standard to be used to gauge the constitutionality of the challenged statute. In this case, the statute in issue distinguishes between a class of veterans who were residents of New York or New Jersey both before and after World War II and all other veterans, extending to the former supplemental benefits which it denies to the latter. A determination of the constitutionality of §§ 2(31)(2) and 41(k) of the Retirement and Social Security Law is shaped by the general rule "that in 'the area of economics and social welfare, the State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.'" *Jefferson v. Hackney,* 406 U.S. 535, 546, 92 S.Ct. 1724, 1731, 32 L.Ed.2d 285 (1972), quoting *Dandridge v. Williams,* 397 U.S. 471, 485, 90

---

4. Contributions by the Waterfront Commission are in addition to contributions to the Retirement System made by New York State. *See* §§ 16 & 17 New York State Retirement and Social Security Law.

5. Prior to the 1970 amendments, the applicable provisions of the Retirement and Social Security Law, enacted in 1953 as part of the Civil Service Law, N.Y. Laws of 1953, c. 745 § 1, and adopted as part of the Retirement and Social

Security Law in 1955, N.Y. Laws of 1955, c. 687, provided for credit for World War II military service to those residents of New York at the time of entry into military service who were employees of the State, and who returned to their employment within one year of their discharge from military service. The 1970 amendments extended the military service credit to employees irrespective of the date of their public employment.

S.Ct. 1153, 25 L.Ed.2d 491 (1970); *see Williamson v. Lee Optical of Okl.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). To pass constitutional muster the classification must bear some rational relationship to a legitimate state purpose. *Johnson v. Robison,* 415 U.S. 361, 374–75, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *United States Department of Agriculture v. Moreno,* 413 U.S. 528, 533, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973); *San Antonio Independent School District v. Rodriquez,* 411 U.S. 1, 40, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Under the "rational relationship" test, the party challenging the constitutionality of a statute has the burden of proving that the statute denies him equal protection, and the legislation will not be set aside if any set of facts may be conceived to justify it. *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Kotch v. Board of River Port Pilot Comm'rs,* 330 U.S. 552, 564, 67 S.Ct. 910, 91 L.Ed. 1093 (1947); *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 82, 31 S.Ct. 337, 55 L.Ed. 369 (1911).

■ A number of federal courts have decided equal protection challenges to veterans' preference legislation and, in factual situations similar to the case at bar, have applied the "rational relationship" test to the legislative classification. *See, e. g., Koch v. Yunich,* 533 F.2d 80, 85 n. 7 (2d Cir. 1976); *Rios v. Dillman,* 499 F.2d 329, 331 (5th Cir. 1974); *August v. Bronstein,* 369 F.Supp. 190, 194 (S.D.N.Y.) (three-judge court), *aff'd mem.,* 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974); *Feinerman v. Jones,* 356 F.Supp. 252, 258 (M.D.Pa.1973) (three-judge court); *Koelfgen v. Jackson,* 355 F.Supp. 243 (D.Minn.1972) (three-judge court), *aff'd mem.,* 410 U.S. 976, 93 S.Ct. 1502, 36 L.Ed.2d 173 (1973). A stricter standard of review is not required because, as plaintiffs concede, the statutory classification is neither based upon "suspect criteria", *see, e. g., Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (race); *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage), nor does it affect a "fundamental right".[6] *See, e. g., Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) (right to vote); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right to travel). As a result, the "rational relationship" test must be applied to test the validity of §§ 2(31)(2) and 41(k) of the Retirement and Social Security Law.

■ In applying the "rational relationship" test, New York State can limit its extension of benefits to veterans who were residents of New York or New Jersey[7] at the time of their entry into and discharge from the armed forces. New York State has a legitimate interest in conferring these benefits on its own residents who served their country in the time of war. Numerous federal courts have recognized that a state's interest in expressing gratitude and rewarding its own citizens for their honora-

---

**6.** The statute at issue in the case at bar does not present a durational residency requirement that infringes the fundamental right of interstate travel. The Retirement and Social Security Law only requires that the veteran have been a resident *at the time* of entry and discharge from military service. *Accord, August v. Bronstein, supra* at 194; *see Brown v. Supreme Court of Virginia,* 359 F.Supp. 549, 546 (E.D.Va.) (three-judge court), *aff'd mem.,* 414 U.S. 1034, 94 S.Ct. 534, 38 L.Ed.2d 327 (1973). As such, cases striking down durational residency requirements, *e. g., Carter v. Gallagher,* 337 F.Supp. 626 (D.Minn.1971) (civil service preferences for veterans living in the state for five years or more); *Dunn v. Blumstein, supra* (one year state residency for voting); *Shapiro v. Thompson, supra* (one year state residency for welfare benefits) have no application to the present case.

**7.** The Waterfront Commission of New York Harbor is a bi-state agency serving the interests of New York and New Jersey. Funding from the legislatures of both states is required to balance the Commission's budget. *See* McKinney's Unconsol.Laws § 9859; N.J.S.A. 32:23–56 to 61. In order to prevent inequities among employees and to avoid discrimination, the New York State Legislature passed an amendment in 1971 to provide equal pension benefits to veteran employees from New Jersey. This court cannot say that the legislature had no rational basis for providing equal benefits for New Jersey residents.

ble military service is a rational basis for veterans' preferences like those here at issue. *Rios v. Dillman, supra* at 332; *Russell v. Hodges,* 470 F.2d 212, 218 (2d Cir. 1972); *White v. Gates,* 102 U.S.App.D.C. 346, 253 F.2d 868, *cert. denied,* 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147 (1958); *Anthony v. Commonwealth of Massachusetts,* 415 F.Supp. 485, 496 (D.Mass.1976) (three-judge court); *Feinerman v. Jones, supra* at 259; *Koelfgen v. Jackson, supra* at 251. The New York State Legislature, starting in 1953, has expressed an interest in providing special pension benefits to World War II veterans. The legislature, in passing the 1970 amendments at issue in this case was acting at a time when a generation of World War II veterans were approaching retirement. The legislation is an expression by the State that it continues to value the contribution of its resident veterans.

Additionally, the federal courts have recognized that the state has a valid interest in compensating veterans for the economic disruption to their civilian lifestyles caused by military service in World War II. *Johnson v. Robison, supra,* 415 U.S. at 377–82, 94 S.Ct. 1160; *Rios v. Dillman, supra* at 332; *Russell v. Hodges, supra* at 218; *Feinerman v. Jones, supra* at 259; *Koelfgen v. Jackson, supra* at 251. New York State has properly directed its attention to compensating resident veterans for economic dislocation that occurred within its borders during World War II.

This analysis of the constitutionality of §§ 2(31)(2) and 41(k) of the New York State Retirement and Social Security Law is supported by the recent decision in *August v. Bronstein, supra. August* upheld, against an equal protection challenge, New York State constitutional and statutory provisions which provided a 5 point preference on competitive civil service entrance exami-

nations and a 2½ point preference on promotional examinations. These preferences are provided to World War II veterans who had been residents of the state at the time of their entry into the armed forces.[8] The three-judge court found, on grounds similar to those elaborated above, that New York State's preference for its own veterans was a legitimate state interest, reasonably furthered by the point preference awarded on civil service examinations. *Id.* at 193–94, citing *Russell v. Hodges, supra* at 218.

*August v. Bronstein, supra,* cannot be distinguished from the case at bar on the ground that the benefit provided in that case was in the court's view of "modest proportions" and a "token of gratitude". *Id.* at 193–94. The one-time point bonus in *August* is not insubstantial considering that it can determine an individual's employment status. *See Rios v. Dillman, supra* at 334–35; *Koelfgen v. Jackson, supra* (both cases upholding the constitutionality of veterans' preferences on every promotional exam). The promotional preference challenged in *August* may only be used once, but the benefit of the resulting increase in salary continues once a veteran moves into a higher job classification.

The promotional and entrance examination preference in *August v. Bronstein, supra,* in deciding the classification of a veteran's job and whether the veteran may be employed, may have a more significant financial impact than the benefit provided in the case at bar. Similarly, the courts in *Russell v. Hodges, supra* (upholding pre-dismissal and disciplinary hearings for veterans not afforded other non-tenured employees) and *Koch v. Yunich, supra* (upholding veterans' preferences in layoffs) upheld the constitutionality of veterans' preferences that may provide a more significant finan-

---

**8.** The statute at issue in this case also requires New York State residency at the time of discharge from the armed forces. In this court's view, the rational basis for residency at discharge is the same as the rational basis for residency at the time of entry into military service addressed by the three-judge court in

*August v. Bronstein, supra.* Additionally, there is a rational basis for rewarding those veterans who returned to the state immediately after leaving the armed forces and participated in the transition of the state from wartime to peacetime.

cial benefit than the pension credit in the present case.

The total pension benefits available to veterans who have the same seniority and military experience as the plaintiffs and who have also satisfied the § 2(31)(2) residency requirement, are about 15% greater than the pensions afforded the plaintiffs herein. For this court to determine that this benefit is quantitatively so much greater than the benefits in *August, Russell* and *Koch* so as to render the statute at issue unconstitutional would require a kind of hair-splitting that courts are ill equipped to handle.[9] *See Rios v. Dillman, supra* at 334; *Koelfgen v. Jackson, supra* at 254. The difference is primarily one of degree, and this court cannot draw the line to say that the pension credit at issue in this case provides a benefit so much greater than the benefits at issue in *August, Russell* and *Koch* so as to render the pension credit, validly enacted to serve a legitimate state interest, violative of equal protection where other courts found no equal protection infirmity.

As a result, plaintiffs have not met their burden of showing that there is no rational basis for §§ 2(31)(2) and 41(k) of the New York State Retirement and Social Security Law. The legislature did not act arbitrarily and capriciously in enacting the pension credit. Providing benefits for the class of veterans who resided in New York or New Jersey before and after the war bears a rational relationship to the State's legitimate interest in providing a limited reward and compensation to veterans with a special state nexus. Merely showing that the legislation affects the activities of some groups differently from others or that the legislature could have rationally decided on a smaller preference or a broader definition of eligibility is not sufficient to invalidate the legislative action. *See Rios v. Dillman, supra* at 335; *Feinerman v. Jones, supra* at 260; *Koelfgen v. Jackson, supra* at 251.

9. This court's conclusion would not be affected if the plaintiffs herein, but for the residency requirement, were eligible for the statutory

Sections 2(31)(2) and 41(k) of the New York State Retirement and Social Security Law are therefore not violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution. All relief requested by the plaintiffs is hereby denied and summary judgment is granted in favor of the defendant.

So Ordered.

maximum of an approximate 40% increase in pension benefits.