EASTERN STATES PETROLEUM COR-
PORATION, a Corporation of the
State of Delaware, Petitioner,

v.

William P. ROGERS, Attorney General of
the United States, et al., Respondents.

Misc. No. 1191.

United States Court of Appeals
District of Columbia Circuit.

Feb. 5, 1959.

See also 165 F.Supp. 363.

Mr. Gerard R. Moran, of the bar of
the Supreme Court of Virginia, pro hac
vice, by special leave of Court, for peti-
tioner. Mr. Edwin G. Martin, Washing-
ton, D. C., also entered an appearance for
petitioner.

Mr. Seymour Farber, Atty., Dept. of
Justice, for respondents. Mr. Alan S.
Rosenthal, Atty., Dept. of Justice, also
entered an appearance for respondents.

Memorandum

(Based Upon an Oral Statement Made in
Open Court January 7, 1959, Upon
Conclusion of the Oral Argument of
Counsel)

Before PRETTYMAN, Chief Judge of the
Circuit.

The matter before me is a motion for
leave to file an application for an order
designating two judges to complete a
District Court of three judges to hear a
motion for review.[1] It is presented to
me as Chief Judge of the Circuit. The
motion for leave to file seems a rather
complicated procedure, but in this in-
stance I am inclined to agree with coun-
sel that it serves to separate and simplify
the issues.

As I understand it, the basic contro-
versy involves an import tax on petrole-
um. The Treasury collected one-half
cent per gallon, and the importers, of
whom the present movant is one, think
the tax should properly have been one-
fourth cent. Movant, among others, filed
suit in the Customs Court, but that suit
has not come on for trial. Two other
importers won in test cases in the cus-
toms Court, but the decisions were re-
versed by the Court of Customs and Pat-
ent Appeals. *Certiorari* was denied by
the Supreme Court, and the Department

---

1. 62 Stat. 968 (1948), 28 U.S.C. §§ 2282, 2284.

of Justice refused to stipulate that the tax should be lower. Our present movant, Eastern States Petroleum Corporation, then filed a civil action in the District Court here in the District of Columbia, in which it sought judgment that the one-half cent tax was wrong and the one-fourth cent tax correct, and also sought an injunction to restrain certain Government officials, including the Attorney General, an Assistant Attorney General, and the Secretary of the Treasury, from collecting the one-half cent. It claimed that the situation created by what had theretofore taken place, that is, the suits in the Customs Court and Court of Customs and Patent Appeals and the refusal of the Attorney General to act, placed it in such a position that it was denied constitutional rights; and it further contended that the statute, as construed in those proceedings, is unconstitutional. The District Court was of the view, as I understand it, that it lacked jurisdiction over the law suit, that exclusive jurisdiction to review the matter of this import tax was in the Customs Court, the Court of Customs and Patent Appeals, and the Supreme Court. The District Court on that basis dismissed the complaint.

Then arose the question: What is the procedure by which review can be had of the District Court's failure to notify the Chief Judge of the Circuit of the filing of an application for an injunction so that a three-judge court might be convened? That controversy revolves about Section 2284, Title 28, United States Code. The possibilities are: (1) a petition for *mandamus* might lie to the Supreme Court; (2) an appeal from the order of dismissal might be taken to the Court of Appeals for the Circuit; and (3) the alternative presented to me today, that the Chief Judge of the Circuit either directly convene a three-judge court or *mandamus* the District Court to give the necessary statutory notice to the Chief Judge so that he may convene a three-judge court. The purpose of the present motion is to get a review by a three-judge court of the action of the single District Judge in dismissing the action for lack of jurisdiction. The question before me does not involve the validity of the action of a District Judge on the merits of a controversy.

The first basic question is: Assuming that the District Court lacked jurisdiction to hear the case, could the single judge to whom the application was presented dismiss the complaint on that ground?

Some of the statutes upon which Section 2284 is based were written long ago; one was written in 1942; the revision was made in 1948.[2] Prior to 1948, as I understand it, the Supreme Court held in several cases that a single judge could dismiss for lack of jurisdiction without calling, under the procedure then applicable, a three-judge court.[3] It held further that the only available review of the dismissal was by a writ of *mandamus* from the Supreme Court.[4] The movant here says these rules were altered by the statutes of 1942 and 1948. But it is agreed that since the new statutes were enacted this court, in White v. Gates,[5] entertained and considered an appeal from an order of a single judge

2. For the legislative history of 28 U.S.C. §§ 2282, 2284, see Reviser's Note, H.R. Rep. No. 308, 80th Cong., 1st Sess. A181, A182 (1947); Jud.Conf., U.S., Rep. of Comm. on Uniform Procedure for Convening Dist. Cts. of Three Judges 2, 6–7, 8, App. 10–11 (Oct. 3, 1944); H.R.Rep. No. 1677, 77th Cong., 2d Sess. (1942); 65 A.B.A. Rep. 171 (1940); 88 Cong.Rec. 1969, 3069 (1942); S.Rep. No. 963, H.R.Rep. No. 212, H.R.Rep. No. 1490, 75th Cong., 1st Sess. (1937); 81 Cong.Rec. 139, 877, 956, 6740, 7045 (1937).

3. Stratton v. St. Louis Southwestern R. Co., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152.

4. Stratton v. St. Louis Southwestern R. Co., 1930, 282 U.S. 10, 16, 51 S.Ct. 8, 75 L.Ed. 135.

5. 1958, 102 U.S.App.D.C. 346, 253 F.2d 868, certiorari denied 1958, 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147.

of the District Court dismissing an action, and the Fourth Circuit, in Jacobs v. Tawes,[6] discussed the problem and held that an appeal would lie to the Circuit Court of Appeals from an order of a single District Judge dismissing a case for lack of jurisdiction without notifying the Chief Judge of the Circuit of the request for a three-judge court. The Ninth Circuit held to the same effect in Wicks v. Southern Pacific Co.,[7] where the initial question was whether a substantial constitutional issue was presented.

This brings me to a reading of the statute. Section 2284 opens:

"In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:

"(1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding."

The argument of the movant is that this section makes clear that the District Judge must, as a purely ministerial duty, immediately notify the Chief Judge of the Circuit of the application for an injunction and that the Chief Judge must then, as a matter of ministerial duty, convene a three-judge court. As I understand the argument, movant says the statute makes perfectly clear that the Court of Appeals, as such, has nothing to do with a three-judge court; that, if the District Judge does not do what the statute tells him to do, then the Chief Judge

of the Circuit must act and either forthwith constitute the three-judge court or require the District Judge to comply with the statute. The statute, says movant, contemplates action by the District Judge and the Chief Judge of the Circuit, and by nobody else.

Subsection (5) of Section 2284 says:

"Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing."

Movant says, as I understand it, two things about this subsection. First, it says that the second sentence states flatly that a single judge shall not dismiss an action. Second, it says that the subsection, in its last sentence, provides that an action of a single judge shall be reviewable by the full court, meaning a full statutory court of three judges. Movant says the latter provision sets up a statutory review procedure. It wants the single-judge action in this case reviewed and says the review procedure is prescribed by statute.

Admittedly this is a novel problem, and it is difficult; but some conclusions seem reasonably clear to me. It seems to me, first of all, that weight must be given to the opening clauses of Section 2284. "In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows: * * *." Be-

---

6. 1957, 250 F.2d 611.

7. 1956, 231 F.2d 130, certiorari and motion to file petition for writ of manda-

mus denied Wicks v. Brotherhood of Maintenance of Way Employees, Southern Pacific Co., 1956, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471.

fore you get off base, before you get into any procedure, you must have an action required to be heard by a District Court of three judges. Suppose you do not have such an action. Suppose there is not an action required by an Act of Congress to be heard and determined by a District Court of three judges. Then, it seems to me, you do not get any further under the statute. If that be so, then somebody other than a three-judge court has to decide in the very first instance whether there is any jurisdiction at all in the District Court.

If we do have to proceed under the statute, subsection (1) says: "On the filing of the application [i.e., an application for injunction], he [the District Judge to whom the application is presented] shall immediately notify the chief judge of the circuit". When we look back at the cases which the Supreme Court decided before this statute was enacted,[8] we find that the statute under which those cases were decided contained the phrase "shall immediately" —the District Court should immediately call two other judges. But those Supreme Court cases held that the single judge could dismiss for lack of jurisdiction without calling the two judges. It would seem to me the leeway that was in the old statute remains in the new when the same phrase is used. The District Judge makes a request of a different person, but the phrase is that he must "immediately" do something. This conclusion is reinforced by the report of the Committee which recommended the new section to the Judicial Conference. It indicates that there was no intent to change existing law in respect to the powers of a District Judge prior to notifying the Chief Judge of the Circuit. The report said:

> "The section [Section 208 of the Judicial Code, pertaining to Interstate Commerce Commission cases] as proposed to be amended thus provides that judges who are to sit in the three-judge district court shall be designated by the senior circuit judge upon request of the judge to whom the application is made and that it shall be the duty of the judges designated by the senior circuit judge to participate in the hearing and determination of the case. It is likewise provided that the single judge to whom the application is made may after hearing grant a temporary restraining order to remain in force only until hearing and determination of the application for an interlocutory injunction by the three judges. This will make it *unnecessary to convene the three-judge court immediately* to consider applications for temporary restraining orders pending hearing of the application for an interlocutory injunction. * * * It would seem that there is no more reason to require a court of three judges to pass upon the grant of a temporary restraining order pending preliminary hearing in an Interstate Commerce Commission case than in a suit to restrain the operation of a *federal* or state statute. In the latter cases it has always been the rule that a single judge may grant a temporary restraining order for a limited time pending hearing by the three judges."[9] (Emphasis added.)

It is perfectly true that the District Judge to whom the application is presented is by statute made a member of the three-judge court. Movant stresses this provision, arguing that the District Judge is automatically a member of the three-judge court and everything he does after the application is filed is done as a member of that court. It seems to me this requirement of the statute is a future provision—the District Judge shall be a member when and if the court is constituted. The court is not constituted until the Chief Judge of the Circuit gets around to constituting it. It seems to

8. E. g., cases cited in note 3, supra.

9. Jud.Conf., U.S., Rep. of Comm. on Uniform Procedure for Convening Dist. Cts. of Three Judges 6–7 (Oct. 3, 1944).

me untenable to hold the District Judge to be a member of a three-judge court when no three-judge court is in being.

Moreover the requirement that the District Judge who receives the application be a member of the three-judge court appears most reasonable if he has more than the purely ministerial duty of notifying the Chief Judge of the Circuit. If he has the power—even the duty—to inquire into jurisdictional questions, his familiarity with the facts and law of the case should not be wasted by passing the whole question on to three other judges. If his function is purely ministerial, there would seem to be no valid reason for requiring him to be a member of the statutory court.

Getting over to subsection (5) of Section 2284, it seems to me the second sentence, speaking of a "single judge", takes meaning from the first sentence, which uses the expression "Any one of the three judges of the court" (meaning the three-judge statutory court), and also from the last sentence, which uses the expression "single judge" and obviously contemplates that the three-judge court has been constituted. I think the expression "single judge", as it appears in the second sentence of subsection (5), refers to a single judge of a three-judge court. As I have already indicated, I think a three-judge court does not exist until it has been created by the Chief Judge of the Circuit.

The Fourth Circuit opinion in Jacobs v. Tawes, supra, while not controlling authority, is persuasive. I agree with its reasoning. The Wicks case, supra, is likewise persuasive. And I cannot ignore the fact that our own court, in White v. Gates, supra, actually entertained and considered an appeal; while the point was not discussed, the consideration is a fact.

I do not give weight to the matter of relieving burdens on the courts; it does not make too much difference one way or the other. It does not matter if one method makes more paper work for the judge than does another. What does matter is what the Congress required to be done and what it is right to do.

If the statutes of 1942 and 1948 have not changed review procedure, the only proper method of review is by writ of *mandamus* from the Supreme Court. If these statutes have changed the method of review, it appears that an appeal will lie to our Court of Appeals. Once I reach the conclusion that this movant has one of these alternative procedures open to it, then, in so far as I am concerned, I shall not exercise the power of *mandamus*, even if I have it. If you have an appeal which is an adequate review, the extraordinary remedy of *mandamus* will not be granted.

Sometimes we get mixed up on this matter of jurisdiction. "Jurisdiction" is used to describe authority to entertain an action and also to describe authority to enter a judgment in a matter. Sometimes we say a court has jurisdiction to determine whether it has jurisdiction. Somebody along the line has to determine whether there is jurisdiction in the first sense. It looks as though we have come out with an answer that a single District Judge has jurisdiction to determine whether the District Court has jurisdiction. The sum total, according to my notion, is that on an application for an injunction in one of these cases a single District Judge can determine whether there is any jurisdiction in the District Court over the cause of action.

So, gentlemen, I will deny the motion for leave to file an application for an order designating two judges to complete a full District Court of three judges. Thank you for a very helpful argument. I think I have given you some idea of how I have analyzed the problem and what my conclusions are. We will enter an order at once so there will be no further delay in the litigation.