**M. L. HART, Plaintiff,**

v.

**David M. KENNEDY, Secretary of the Treasury of the United States, and Dorothy A. Elston, Treasurer of the United States, Defendants.**

**No. 69–238 Civ.**

United States District Court,
W. D. Oklahoma.

Oct. 16, 1969.

---

3. Respondents have sought summary judgment herein. Respondents' motion in that connection is hereby denied.

**824**

L. W. Setz, Ozark, Ark., for plaintiff.

William R. Burkett, U. S. Atty., and Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, District Judge.

Upon consideration of the Plaintiff's Motion to Vacate Order of Dismissal filed herein, the Court finds the same to be without merit and should be denied.

The District Judge with whom a case is filed has the responsibility to determine whether jurisdiction exists. Lion Mfg. Corporation v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (1964). Jurisdiction is lacking if a plaintiff has no standing to sue. American Commuters Assn. v. Levitt, 279 F.Supp. 40 (S.D.N.Y.1967). The provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

Said District Judge also has the responsibility to refuse a request to convene a statutory three-judge court when there is no jurisdiction for lack of standing to sue or the claim is insubstantial for lack of a judicial controversy. Eastern States Petroleum Corporation v. Rogers, 105 U.S.App.D.C. 219, 265 F.2d 593 at p. 396 (1959), mandamus denied, 361 U.S. 805, 80 S.Ct. 93, 4 L.Ed.2d 56 (1959); Utica Mutual Insurance Company v. Vincent, 375 F.2d 129 (Second Cir. 1967); Miller v. Smith, 236 F.Supp. 927 (E.D.Pa.1965); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). A three-judge court does not exist until it has been created by the Chief Judge of the Circuit. Eastern States Petroleum Corporation v. Rogers, supra. A three-judge court was not created herein.

Dismissal is proper in either event. Rule 12(b), F.R.Civ.P., 28 U.S.C.A.; Utica Mutual Insurance Company v. Vincent, supra; Lion Mfg. Corporation v. Kennedy, supra; Board of Ed. of Ind. Sch. Dist. 20, Muskogee v. State of Okl., 409 F.2d 665 (Tenth Cir. 1969).

Plaintiff's Motion to Vacate Order of Dismissal is denied.