**John SNYDER and Frieda Snyder, Plaintiffs,**

v.

**Joe LEAKE, Gill Edwards, d/b/a Mini-Storage of Southaven, Miss., et al., Defendants.**

**No. DC 79–84–S–P.**

United States District Court, N. D. Mississippi, Delta Division.

May 30, 1980.

Robert L. Williams, Wallace C. Anderson, John G. Zizmann, Southaven, Miss., for plaintiffs.

Jack F. Dunbar, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Clarksdale, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The defendants in the above-styled cause have submitted a bill of costs, to which the plaintiffs have responded. Pursuant to Rule 54(d), Fed.R.Civ.P., this matter is before the court for review. The trial of this action commenced on March 6, 1980, after the selection of a jury. On the witness stand at the trial, the plaintiff Frieda Snyder testified that every item of property which had been damaged at the defendants' facility had been thrown away as worthless. Cross-examination of the plaintiff revealed that some of the items had in fact been repossessed, rather than discarded. The defendants maintain that this conduct on the part of the plaintiffs is sufficient for this court to award the defendants all of their costs of the action, including reasonable attorney's fees. The plaintiffs claim that the defendants have not sustained their burden of proving that the action was brought in bad faith.

Initially, the court should point out that this action is different from those actions where the prevailing party seeks an award of fees pursuant to statutory authority. The difference is twofold. First, as a

matter of procedure, the party seeking an award of fees because of his opponent's bad faith must do so within 10 days from the date of judgment. This is so because attorney's fees based on bad faith, which are awarded through the court's equitable powers, are "not part of the costs awarded after litigation, but should be sought as part of the litigation itself." *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980). As such, these requests for equitable awards of fees are subject to the 10-day limitation period on motions to alter or amend the judgment. Rule 59(e), Fed.R.Civ.P. *Stacy v. Williams*, 446 F.2d 1366, 1367 (5th Cir. 1971). In this action, the defendants added their request for fees onto their bill of costs, and supported that request with a memorandum. Both of these documents were filed within 10 days from the date of judgment. Under the circumstances of this case, the court will treat the defendants' application for attorney's fees as a motion which has been timely filed, under the rule of *Stacy v. Williams.*

The second major difference between an equitable award of fees and a statutory award is that, in the absence of statutory authority, this court must follow the prevailing American rule that the burden of one party's attorney's fees is not shifted "to his opponent as recoverable damages or as taxable costs." Walthall, *Awards of Attorney's Fees in the Absence of Statute: Trends and Prospects in the Fifth Circuit*, 10 Cum.L.Rev. 359, 360 (1979). The Supreme Court has held that this general rule applies even when a court is exercising its equitable powers, but it also recognized an exception to this general rule when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154 (1975). *See also, Dyer v. Love*, 307 F.Supp. 974 (N.D.Miss.1969). This is the exception which the defendants ask this court to apply, in order to shift their fees to the plaintiffs.

Generally, those cases in this circuit which have awarded attorney's fees under the bad faith exception have involved defendants who were public officials or have involved private litigants seeking to advance some important public policy. Walthall, *supra* at 389. *See, e. g., Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974); *Lee v. Southern Home Sites Corp.*, 444 F.2d 143 (5th Cir. 1971). While it is necessary "to encourage litigation directed toward such objectives as elimination of racial discrimination and inequalities of voting," Walthall, *supra* at 413, the court is of the opinion that the public policy objectives of the "bad faith" exception should not be interpreted so narrowly. As the Fifth Circuit stated in *Fairley v. Patterson*, attorney's fees may be awarded as a "corollary" to this standard

> when a suit based on an alleged violation of clearly established law in the particular area is filed and the defendants, in the face of an evident violation of the law, persist in forcing plaintiffs to expend efforts in preparing for and/or conducting a trial.

493 F.2d at 606. The court should therefore be concerned about such matters as judicial economy, and the acts of one party in forcing the other party to bear unnecessary expenses in defending a wholly unmeritorious claim should warrant the award of attorney's fees. *See, e. g., Nemeroff v. Abelson*, 469 F.Supp. 630 (S.D.N.Y.1979).

The determination of whether or not a party's behavior is unreasonably obstinate is solely within the discretion of this court. *Fairley v. Patterson*, 493 F.2d at 605. As one court has pointed out, however, there are certain factors which a court should consider in determining whether or not a party was "stubbornly litigious." *Gonzalez v. Gonzalez*, 385 F.Supp. 1226, 1244 (D.P.R.1974). Such factors include "the sincerity with which a party put forth an issue, the genuineness of the legal and factual issues raised, and whether a party was unduly dilatory in the prosecution of its case." 385 F.Supp. at 1244. To these factors, the court would also add that where, as in this case, one party has the opportunity to settle a disputed point through dis-

covery, yet refuses to do so, thereby causing unnecessary expense in litigation, this court is warranted in finding unreasonably obstinate and vexatious conduct. Considering all of the circumstances in this case, the court finds that the defendants are entitled to an award of reasonable attorney's fees.

The court has considered the defendants' request, and has analyzed in detail the itemization of time and expenses presented by defense counsel. Considering the nature of the litigation, the experience of the attorneys, the type of questions involved in this action, the amount in controversy, the duration of the litigation, and the inconvenience imposed upon the defendants, the court concluded that $45 per hour for out-of-court work, and $50 for time spent in court and in taking depositions, is a reasonable hourly fee in this district. The amount requested must necessarily be reduced, since counsel has in some instances requested a fee of $55 and $50 for time in court and out-of-court, respectively. The court also finds that counsel for defendants have listed time spent in conference with other attorneys, each of whom is a member of the same law firm. To avoid the likelihood that there may be some overlap in the amount of time itemized, the amount will be reduced. Considering all of the circumstances then, the court finds that $7,500 is a reasonable amount of attorney's fees to be awarded in this action.

As for the defendants' expenses in this action, the court finds that the fees for all witnesses should be allowed, in that the defendants needed to have their witnesses available, these witnesses were available and ready to testify, and the defendant had no control over the eventual outcome of the case, when the plaintiff moved for voluntary dismissal at the beginning of the second day of trial. *See Rowland v. Kitchens,* 63 F.R.D. 385, 387 (N.D.Miss.1974). In computing the fees, however, the defendants are only entitled to an attendance fee of $30 per day. 28 U.S.C. § 1821(b). The amount listed as fees for witnesses will therefore be reduced from $326.79 to $301.79. The court also finds that the costs for depositions and photographs was rea-

sonably necessary for an adequate preparation of the case and defendants are entitled to reimbursement.

Defendants have itemized other expenses, which were incurred by defense counsel both before and during the trial of the case. For the most part, such expenses as telephone charges, photocopying, and mileage are reasonable and necessary, with the exception that the mileage reimbursement will be reduced to $0.20 per mile. Other expenses, such as mileage and subsistence for witnesses, will not be allowed, since this amount is governed by statute and should not be duplicated. Having computed the defendants' expenses after making these corrections, the court finds that the amount should be reduced from $1,037.34 to $750.00. The court will enter an order amending the judgment to provide that the defendants shall recover the amount of $7,500 in reasonable attorney's fees, plus their costs of the action and approving the taxation of costs in the amount of $1,363.89.