**Victor SHARROW, Plaintiff,**

**v.**

**Hamilton FISH, Jr., Defendant.**

**No. 80 Civ. 6121 (RJW).**

United States District Court,
S. D. New York.

Nov. 3, 1980.

Victor Sharrow, pro se.

Paul A. Moore, Poughkeepsie, N. Y., for defendant.

## OPINION

ROBERT J. WARD, District Judge.

This is yet another in a series of actions brought by Victor Sharrow proceeding *pro se*. In this action Sharrow challenges the constitutionality of the apportionment of the 25th Congressional District of New York, the district in which he resides. Plaintiff seeks a preliminary injunction enjoining Congressman Fish, currently the 25th District's Representative in Congress, from running for reelection on November 4, 1980. The complaint in this action was filed on October 28, 1980. Defendant moves pursuant to Rules 12(b)(2), (5) and (6) and Rule 12(c), Fed.R.Civ.P., for an order dismissing the complaint. For the reasons hereinafter stated, plaintiff's application is denied, defendant's motion is granted, and the complaint is dismissed.

Plaintiff contends that all congressional districts must be apportioned as provided in section 2 of the fourteenth amendment ("14/2") and–although he fails to allege so explicitly–that because the 25th District was not apportioned in accordance with 14/2 Congressman Fish cannot constitutionally run for reelection. It is undisputed that 14/2 has not been followed. Section 2 provides:

> Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty–one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty–one years of age in such State.

This is at least the fourth time plaintiff has raised the claim he asserts here. In 1960 Sharrow commenced a civil action in the District of Columbia, *Sharrow v. Eisenhower*, 60 Civ. 3569 (D.D.C.), apparently challenging on 14/2 grounds the manner in which reapportionment would be carried out as a result of the 1960 census. As recounted by Judge Weinfeld in his opinion in Sharrow's later action in this district, *Sharrow v. Brown*, 319 F.Supp. 1012, 1014 (S.D.N.Y.1970), aff'd, 447 F.2d 94 (2d Cir. 1971), *cert. denied*, 405 U.S. 968, 92 S.Ct. 1188, 31 L.Ed.2d 243 (1972), the complaint in *Eisenhower* was dismissed. *See also Lampkins v. Connor*, 239 F.Supp. 757 (D.D. C.1965), *aff'd*, 360 F.2d 505 (D.C.Cir.1966) (similar action brought by other plaintiffs).

The second time plaintiff asserted his 14/2 contention he was defending a criminal prosecution instituted against him for violating 13 U.S.C. § 221(a) by refusing to answer census questions. In affirming his conviction, the court of appeals rejected Sharrow's contention that the "House of Representatives had been unconstitutionally apportioned because apportionment between the states had not been adjusted in accord with the requirement of [14/2]." *United States v. Sharrow*, 309 F.2d 77, 78–79 (2d Cir. 1962), *cert. denied*, 372 U.S. 949, 83 S.Ct. 939, 9 L.Ed.2d 974 (1963). Sharrow had refused to answer 1960 census questions on the ground that the act providing for the taking of the census was unconstitutional because the tabulation of the total United States population authorized by 13 U.S.C. § 141 did not include a tabulation of the 21–year–old male citizens of each state whose voting rights were abridged in the manner set forth in 14/2. The Second Circuit ruled that, irrespective of the constitutional mandate of 14/2, Congress was "not required to prescribe that census–takers ascertain information relative to disfranchisement." 309 F.2d at 80.

In 1970, Sharrow instituted an action in this Court against the Director of the Census Bureau. His 1970 action sought to enjoin the taking of that year's census. Sharrow claimed that the Census Director could

not constitutionally act under the authority of 13 U.S.C. § 141 because the statute did not comply with 14/2. Judge Weinfeld dismissed the complaint, *Sharrow v. Brown*, 319 F.Supp. 1012 (S.D.N.Y.1970), and the court of appeals affirmed on the ground that Sharrow lacked standing to assert his claim. *Id.*, 447 F.2d 94 (2d Cir. 1971). The circuit court held that even if apportionment under 14/2 was required the results of any reapportionment were "entirely speculative." *Id.* at 97. To establish standing, the court found, Sharrow would have to introduce evidence that the injury he alleged—New York State's loss of six representatives over the past thirty years—was the result of something other than a shift in population and that this injury would somehow be lessened if reapportionment pursuant to 14/2 were undertaken. *Id.*

On the eve of a Presidential election, in a complaint filed on October 26, 1976, plaintiff sought to enjoin Congressman Fish, defendant here, and his opponent in that year's congressional race, Minna Peyser, from running on November 2, 1976, on the ground that the 25th District was not apportioned in compliance with 14/2. However, the 1976 election was held, Congressman Fish was reelected, and in *Sharrow v. Peyser*, 443 F.Supp. 321 (S.D.N.Y.1977), Judge Broderick dismissed the complaint. Judge Broderick's decision was affirmed without opinion by the Court of Appeals for the Second Circuit. *Id.*, 582 F.2d 1271 (1978). In dismissing the action in *Peyser* the district court followed the court of appeals' earlier decision in *Sharrow v. Brown*, *supra*, 447 F.2d at 97, and held that plaintiff had failed to meet the threshold requirement of standing.

■ This action is, to all intents and purposes, identical to *Sharrow v. Peyser*. Plaintiff raises the same 14/2 claim here as he raised in *Peyser*, as well as in the three cases preceding it. Moreover, Congressman Fish, the defendant here, was one of the two defendants named in *Peyser*. Although this action does not appear to be barred by *res judicata* because it is the first opportunity plaintiff has had to seek to enjoin Fish from running in the *1980* election, the substance of his claim has already been litigated more than once.

In his complaint, ¶ 1, plaintiff asserts that in the past, New York lost 2 Representatives, and therefore 2 Presidential Electors in 1950, and 2 more Representatives and Presidential Electors in 1960, and 2 more of each in 1970, for a total lose [sic] of 6 Representatives, and 6 Presidential Electors, down to our present level of 41 Electors, with the 1980 Census projection, projecting a further loss of 4 or 5 more Representatives, making a loss of 10 or 11 Presidential Electors, which loss of national political and economic clout has already resulted, and will further result in more severe budget crunches in New York, that has already resulted in my economic and health loss, due to being excessed [sic] from my job, which all creates the Article III "case or controversy" and political, economic and health loss to have standing to try to protect my own constitutional rights by enforcing the unenforced apportionment COMMAND [sic] of Section 2 of the 14th Amendment, the only apportionment provision in the existing constitution today.

These are essentially the same standing allegations asserted by plaintiff previously in *Sharrow v. Brown, supra*, and *Sharrow v. Peyser, supra*. Thus, inasmuch as plaintiff still lacks standing to sue, the complaint must be dismissed.

■ Sharrow requests that the Court convene a three–judge court to entertain his application. A three–judge court must be convened pursuant to 28 U.S.C. § 2284(a) "when an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ." However, "a single judge has the authority to review a complaint seeking the convening of a three judge court in order to determine whether it states a substantial claim and one over which the Court would have jurisdiction." *Sharrow v. Peyser, supra*, 443 F.Supp. at 323. *See Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962), *Green v. Board*

*of Elections of City of New York*, 380 F.2d 445, 448 (2d Cir. 1967), *cert. denied*, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968), and *Sharrow v. Brown, supra.* Such a review by a single judge can encompass consideration of questions of standing. *Sharrow v. Peyser, supra*, 443 F.Supp. at 323. Accordingly, having determined that plaintiff lacks standing and thus presents no substantial claim, the Court finds that the convening of a three–judge court is not warranted and concludes that the complaint should be dismissed.

In this action brought one week before Election Day, 1980, plaintiff asserts the same claim that has been rejected, in one form or another, on four previous occasions and that was dismissed in the exact form presented here, and against the same defendant, in a complaint filed a week before Election Day, 1976. The Court finds that in filing this action plaintiff has acted in bad faith. "[A] court may assess attorneys' fees ... when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons ....'" *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (quoting *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Accordingly, the Court awards defendant reasonable attorneys' fees in the amount of $250.

Plaintiff's application for a preliminary injunction and motion for the convening of a three–judge court are denied. Defendant's motion to dismiss is granted and the complaint is dismissed.

Settle order on notice.