The **ARMSTRONG RUBBER COMPANY, SOUTHEASTERN DIVISION**

v.

**LOCAL UNION 670, UNITED RUBBER WORKERS, AFL–CIO.**

No. 3–83–0978.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 29, 1985.

Charles Hampton White, Nashville, Tenn., for plaintiff.

Mike Passino, Nashville, Tenn., for defendant.

### MEMORANDUM

MORTON, Senior District Judge.

The defendant in the above-styled case has applied for an award of its attorneys' fees pursuant to Local Rule 13(e) of this court. M.D.Tenn.R. 13(e) (1984).[1] The defendant claims it is entitled to such an award because the plaintiff obstinately compelled it to protect the well-recognized right of one of its members through litigation. *See Alyeska Pipeline Service Co. v. Wilderness Co.*, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Haycraft v. Hollenbach*, 606 F.2d 128, 133 (6th Cir.1979). For the reasons set forth below, the defendant shall recover from the plaintiff the reasonable costs and attorneys' fees it incurred before this court.

The plaintiff brought this action pursuant to § 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, to challenge an arbiter's award entered on December 1, 1983. That award ordered reinstatement of a union employee named Akins whom the plaintiff had discharged for repeatedly taking excessive work breaks. Under the terms of the parties' collective bargaining agreement, the plaintiff could discharge an employee with

1. Rule 13(e) of the Local Rules of the United States District Court for the Middle District of Tennessee provides as follows:

Application for award of attorneys' fees shall be filed within thirty (30) days from the entry of judgment in the case. The application shall contain a memorandum brief as to the authority of the Court to make such an award, and as to why the applicant should be considered the "prevailing party," if such is required for the award. The application shall also contain an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award. Within ten (10) days after filing of the application, the party or parties against whom the award is requested shall respond with any objections thereto and an accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust. Either party may request an oral hearing on the application and objections.

M.D.Tenn.R. 13(e) (1984).

**1354**

just cause for that employee's fifth violation of the work break rule. The arbiter found, among other things, that the plaintiff had violated § 9(i)[2] of the collective bargaining agreement when one of its agents handed Akins written notice of his second, third, and fourth disciplinary violations without a union representative being present. The arbiter held that the plaintiff's violation of § 9(i) rendered all three of those disciplinary actions ineffective. Since Akins' discharge with cause was premised upon his four prior violations, the arbiter's invalidation of three of those violations rendered his discharge ineffective.

The plaintiff first attempted to challenge the arbiter's decision through a motion to amend its complaint in the case of *The Armstrong Rubber Company, Southeastern Division v. Union 670, United Rubber Workers, AFL–CIO–CLC,* Civ. No. 3–83–0712 (M.D.Tenn. December 28, 1983) (hereinafter *Copass*). In that case, the arbiter had decided that the plaintiff violated § 9(i) by giving a union employee named Copass written notice of his discharge without a union representative being present. This court denied the motion to amend. The plaintiff filed the present action on December 21, 1983.

On December 28, 1983, this court affirmed the arbiter's decision in the *Copass* case because it was based upon a permissible construction of § 9(i).

On January 18, 1984, the defendant filed its answer, counterclaim and motion for summary judgment in this case. In its pleadings and motion for summary judg-

ment, the defendant requested its reasonable costs and attorneys' fees on the ground that the plaintiff's appeal of the arbiter's award was a bad faith effort to harrass the defendant and its members. *See Alyeska Pipeline Co., supra; Haycraft, supra.* The plaintiff responded with its own motion for summary judgment and an answer to the counterclaim.

On May 31, 1984, this court ruled on the cross motions for summary judgment as follows: "In accordance with the memorandum contemporaneously filed, the motion for summary judgment by the plaintiff is overruled and denied, and the motion for summary judgment by the defendant is granted. The case is hereby dismissed." The memorandum accompanying the order explained that the defendant's motion for summary judgment was granted because the arbiter's ruling that Akins had been notified of disciplinary action in violation of § 9(i) was a permissible interpretation of the collective bargaining agreement.

The defendant filed its pending application for attorneys' fees on June 25, 1984. The plaintiff has objected to that application on two grounds.[3] First, it argues that the defendant's application is untimely. Second, it alleges that it did not litigate this case in bad faith. These defenses shall be examined in turn.

The plaintiff contends that the defendant's motion for attorney's fees is one to alter or amend the judgment, and, thus, had to be filed within ten (10) days of entry of judgment. Fed.R.Civ.P. 59(e). The

---

**2.** Section 9(i) of the collective bargaining agreement between the plaintiff and defendant provides:

> An employee will have a local union representative appear with him when he is required to appear before a representative of management for the purpose of receiving a reprimand, suspension, or discharge. Upon request, an employee will have a local union representative appear with him when he is required to appear in the office of a representative of management.

**3.** The plaintiff also alleged that § 301 of the Labor-Management Relations Act does not provide for an award of attorneys' fees. That fact

has no bearing on this case. The defendant is seeking its attorneys' fees on an equitable rather than statutory basis. Several courts have held that attorneys' fees may be awarded under the Labor Acts for a party's bad faith. *See Hall v. Cole,* 412 U.S. 1, 14, 93 S.Ct. 1943, 1950, 36 L.Ed.2d 702, 712 (1973); *Varnes v. Local 91, Glass Bottle Blowers Association of the United States and Canada,* 674 F.2d 1365, 1369 (11th Cir.1982); *Mullins v. Kaiser Steel Corp.,* 642 F.2d 1302, 1320 (D.C.Cir.1980), *rev'd on other grounds,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982); *International Longshoremen's and Warehouseman's Union, Local 6 v. Cutter Laboratories,* 552 F.Supp. 979 (N.D.Cal.1982).

plaintiff grounds this contention on alternative theories.

First, the plaintiff asserts that since the defendant requested its attorneys' fees in its counterclaim and motion for summary judgment, the court's failure to award them in the final order disposed of that request. However, an equally plausible argument can be made that the complete failure of the court to rule upon a request for relief means that its order is not a final one. *See Gordon v. Heimann,* 715 F.2d 531, 538–39 (11th Cir.1983). As is explained below, the court finds that the judgment entered in this case did not deny the defendant's request for attorneys' fees.

Second, the plaintiff argues that even if the court's order of May 31, 1984, did not explicitly dispose of the defendant's request for attorneys' fees, that request, based as it was upon the plaintiff's alleged bad faith, was so inextricably intertwined with the merits of the controversy that it must be deemed a motion to alter or amend the judgment. *See* Fed.R.Civ.P. 59(e). As authority for this proposition the plaintiff cites the case of *Snyder v. Leake,* 87 F.R.D. 362 (N.D.Miss.1980). It does appear that the Fourth, Fifth and Seventh Circuits have taken the position that an inquiry must be made on a case-by-case basis to determine whether an application for attorneys' fees is integrally related to the proceedings on the merits or collateral to them. *See Alcorn County, Miss. v. U.S. Interstate Supplies,* 731 F.2d 1160, 1164 (5th Cir.1984) (fee awards in a RICO civil action integral to the merits); *Holmes v. J. Ray McDermott & Co., Inc.,* 682 F.2d 1143, 1147 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983) (fee awards in an action for failure to pay maintenance and care integral to the merits); *Hairline Creations, Inc. v. Kefalas,* 664 F.2d 652, 658 (7th Cir.1981) (fees awarded under 15 U.S.C. § 1117 for bad faith litigation of a trademark claim integrally related to the merits); *Wright v. Jackson,* 522 F.2d 955, 957–58 (4th Cir. 1975) (fees awarded for obduracy integrally related to the merits); *Stacy v. Williams,* 446 F.2d 1366, 1367 (5th Cir.1971) (fees

awarded for bad faith integrally related to the merits). *But see Overnight Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 793 (7th Cir.1983) (fees awarded pursuant to 28 U.S.C. § 1927 collateral to the merits); *Terket v. Lund,* 623 F.2d 29, 34 (7th Cir.1980) (dictum) (fees awarded to defendants pursuant to 42 U.S.C. § 1988 collateral to the merits). If a request for fees is deemed integrally related to the merits of an action, these courts hold that it must be treated as a motion to alter or amend the judgment which must be filed within 10 days of entry of the judgment. *Hairline Creations, Inc., supra; Stacy, supra; Snyder, supra;* Fed.R. Civ.P. 59(e). If the request for fees is found to be collateral to the proceedings on the merits, it is treated as a motion for costs subject only to the time limit of reasonableness implied in Fed.R.Civ.P. 54(d). *Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir.1980) (fee awards pursuant to 42 U.S.C. § 1988 collateral to the merits). One could draw a negative inference from language in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) that would support this dichotomy between integral and collateral requests for attorneys' fees. *White v. New Hampshire, supra,* at 452, 102 S.Ct. at 1166.

The better reasoned approach, however, is to treat all requests for attorneys' fees alike. As the Eleventh Circuit has stated,

> Perpetrating the dichotomy established by *Stacy v. Williams,* 446 F.2d 1366 (5th Cir.1971) and *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), can only result in future timing conflicts like the ones in this case. Most important, the Supreme Court's emphasis in *White v. New Hampshire* of the limited role of Fed.R. Civ.P. 59(e) suggests that attorneys' fees requests should never be governed by that time limitation.

*Gordon, supra,* at 538; *accord, International Association of Bridge, etc. v. Madison Industries, Inc.,* 733 F.2d 656, 659 (9th Cir.1984); *Cox v. Flood,* 683 F.2d 330, 331 (10th Cir.1982); *Obin v. District No. 9 of*

the *International Association of Machinists & Aerospace Workers*, 651 F.2d 574, 583–84 (8th Cir.1981).[4] While it is true that fee awards based on a party's bad faith require an inquiry into the merits of an action, the same can be said of statutory fee awards made to prevailing defendants under Title VII, *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657 (1978), and 42 U.S.C. § 1988, *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980). Yet, in *White v. New Hampshire* the Supreme Court gave no indication that it would treat prevailing defendants' requests for fees pursuant to 42 U.S.C. § 1988 as motions to alter or amend the judgment. To the contrary, it suggested that Fed.R.Civ.P. 59(e) should never govern the time for filing applications for attorneys' fees. *See Gordon, supra.*

All the cases addressing the timely filing of requests for attorneys' fees seem concerned that if those requests are treated as ones for costs they may be made long after the facts and controlling legal principles have faded in the judge's memory. That danger is obviously foreclosed where, as in this district, there is a local rule prescribing the time within which a request for attorneys' fees can be filed.

Therefore, it shall be the rule in this court that all requests for attorneys' fees not explicitly ruled upon by the court shall be timely if they are filed within the period prescribed by Local Rule 13(e). *See* M.D.Tenn.R. 13(e) (1984). This rule shall apply regardless of whether a request for attorneys' fees is made in the pleadings, during litigation, or by post-judgment motion. Conversely, if a request for attorneys' fees is made before judgment on the merits is entered and no ruling is made on that request in or prior to the judgment, the request for attorneys' fees must be renewed within the period set forth in Local Rule 13(e), or it will be time-barred.[5] By adopting a bright line rule, all concerned avoid the uncertainty that inheres in judging whether a fee request is integral or collateral to the proceedings on the merits. Accordingly, the court finds that the defendant's request for attorneys' fees was timely filed.

The plaintiff also alleges that it cannot be mulcted for the defendants' attorneys' fees because it did not pursue this litigation in bad faith. The Sixth Circuit has defined "bad faith" "broadly to include acts of 'obdurate obstinacy,' or conduct that has compelled [one's opponent] to litigate recognized legal rights clearly owed." *Haycraft, supra*, at 133; *accord, Sharrow v. Fish*, 501 F.Supp. 202, 205 (S.D.N.Y. 1980), *aff'd without opinion*, 659 F.2d 1062 (2d Cir.1981).

Applying that standard to this case, the court finds that the plaintiff acted in bad faith by filing and continuing to litigate this suit. The second disciplinary action against Akins was clearly in violation of § 9(i). That was apparent from the result reached in two earlier arbitration decisions. *See* Arbitration Decisions GG–H–13 (March 24, 1976) and AMK–NV–7 (March 29, 1982). The fact that even one of

**4.** The court is aware that several of the cases cited here and throughout the opinion address the issues of whether a decision on the merits is "final" and "appealable" prior to entry of a fee award, *see Alcorn, supra; Holmes, supra,* and whether a district court may award fees while an appeal on the merits is pending. *See Overnight Transportation Co., supra; Terket, supra; Wright, supra.* Nevertheless, these cases are persuasive authority on the issue presently before the court. As the Supreme Court reasoned, "If a merits judgment is final and appealable prior to the entry of a fee award, then the remaining fee issue must be 'collateral' to the decision on the merits." *White v. New Hampshire, supra,* 455 U.S. at 452 n. 14, 102 S.Ct. at 1167 n. 14.

**5.** Of course, Congress has the authority to specify when a fee authorized by statute must be requested. The rule announced today applies only in the absence of a clearly expressed statutory timetable to the contrary.

To be "clearly expressed" a statutory timetable must specifically set forth the time within which a request for attorneys' fees must be filed. Such a contrary timetable cannot be inferred from the nature or purpose of the fee award as it was, for instance, in *Hairline Creations, Inc., supra. See Gordon, supra.*

Akins's prior censures was invalid put the plaintiff on notice that his discharge was without just cause. Once the *Copass* judgment was entered it became equally clear that Akins's third and fourth censures were invalid.

The plaintiff protests that it had a right to attempt to distinguish prior decisions and to urge the court to reconsider its holding in *Copass*. While both of these contentions are correct in the abstract, neither justifies the plaintiff's conduct in this case. No proof was tendered as to how Akins's second censure differed from the controlling facts in GG–H–13 or AMK–NV–7. In *Copass*, a union representative was present when the employee appeared before management on the disciplinary charge, but not when the employee was handed written notice of the action taken on that charge. Those were exactly the facts relating to Akins's third and fourth censures. In short, the fact of Akins's case were simply not distinguishable from GG–H–13, AMK–NV–7 or *Copass* in any legally significant detail. The plaintiff did have a right to urge the court to reconsider the decision reached in *Copass;* but absent some newly discovered legal precedent or distinguishing facts, that request should have been made in a motion to alter or amend the judgment rendered in *Copass*, not in successive and repetitious litigation. The plaintiff did not advance any legal arguments in this case different from those it relied upon in *Copass*.

█ The plaintiff's defense of the defendant's request for attorneys' fees is a different matter. As the preceding discussion indicates, the timeliness of the defendant's request for fees was certainly contestable. Therefore, the 7.7 hours the defendant's attorneys spent petitioning for their fees cannot be awarded under the bad faith (or any other) theory.

█ Having determined that the defendant is entitled to recover its reasonable attorneys' fees and costs incurred in litigating the merits of this action, the court must now determine what fees are reasonable.

The defendant seeks compensation for the following hours at the rates specified:

7.25 hours at $125 per hour

19.5 hours at $100 per hour

23.7 hours at $35 per hour

As for the reasonableness of the rates requested, this court agrees with the District of Columbia Court of Appeals that attorneys' fees awarded private, for-profit law firms should be based upon the firm's customary billing rates for similar services, so long as those rates fall within the range of reasonable rates charged by other firms for similar work in the same community. *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 24–25 (D.C.Cir.1984). Although *Laffey* concerned a fee award under Title VII, its reasoning is persuasive with regard to this as well as all other court-awarded attorneys' fees. *Cf. Obin, supra*, at 578 n. 5. There is no reason for courts to speculate about what the market rate is for a particular attorney's services when it has empirical proof of that rate before it. Defendant's counsel has averred that the rates charged the defendant were its customary rates for the services rendered. Those rates are within the reasonable range of prices charged for similar services in Nashville, Tennessee; therefore, the court finds the rates requested to be reasonable ones.

The defendant requests compensation for a total of 50.45 hours allegedly spent by its attorneys on this case. The itemization submitted by its attorneys lists only 42.95 hours. Since the itemization does not list who did what work at what rate, the court has no way of awarding the fees that are supported by the itemization. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983); M.D. Tenn.R. 13(e). The defendant will be given five days to amend its itemization to specify what work was performed at what rate. The defendant's claim for legal expenses in the amount of $134.60 is reasonable and compensable under the bad faith theory. *See Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir.1979), *cert. denied*, 447 U.S. 911,

100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). The court shall award these legal expenses when it determines the amount of attorneys' fees to which the defendant is entitled.

An appropriate order shall be entered.